## CAVANAUGH v. UNITED STATES.

### No. 4765.

Circuit Court of Appeals, Third Circuit.

Aug. 24, 1932.

C. Hubert Derivaux and Wolber, Gilhooly & Yauch, all of Newark, N. J. (Edward J. Gilhooly, of Newark, N. J., on the brief), for appellant.

Phillip Forman, U. S. Atty., and Walter B. Petry, Asst. U. S. Atty., both of Trenton, N. J.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The appellant, Joseph B. Cavanaugh, was a mail carrier. While making deliveries on his route, he accepted from Emma Nagel for registration and mailing an unstamped letter containing $35. At the same time she gave him 45 cents. Her testimony was: "I gave him the letter and had a package with a pair of shoes. I gave him forty-five cents and wanted it registered, and he said yes, but he doesn't have the receipt, you know, he didn't have them right there and he would bring them in the afternoon, but in the afternoon he forgot it when he come and he said he would bring them the next day." This letter was never registered, and was never received by the addressee. At the trial Cavanaugh admitted receiving the letter, and thought he had mailed it as first-class mail. He made no contention that he registered it. He was found guilty on a count charging him with embezzling the letter described "which was intended to be conveyed by mail."

In that regard the statute provides: "Whoever, being a * * * person employed in any department of the Postal Service, shall unlawfully detain, delay, or open any letter * * * intrusted to him * * * which was intended to be conveyed by mail * * * or shall secrete, embezzle, or destroy any such letter * * * shall be * * * or imprisoned not more than five years." Cr. Code § 195 (18 USCA § 318).

On the trial, a written confession of Cavanaugh was given in evidence, in which he said that on March 24, 1931, he "accepted a letter for registration from Miss Nagel, 80 Undercliff Road. I did not give her a receipt at the time I received the letter from her but on March 25, 1931, I did give her the receipt for registered letter No. 13512 telling her at that time that it was the receipt for the letter she gave me for registration, although I then and there well knew that I was deceiving her and that it was not a receipt for the letter she had given me for registration."

Clearly, the indictment charged a crime provided for by the statute, the proofs showed a violation thereof, and the judge

committed no error in refusing to give binding instructions for the defendant.

We have carefully considered the other questions raised, and find no error. Accordingly, the judgment below is affirmed.